## JOSEPHINE M. LEWIS AND HUSBAND *v.* HEIRS OF MRS. E. R. WILLIAMS.

A legacy of $15,000 was made by the testatrix *E. R. W.* to the minor children of her son *J. W.* The legacy vested by the testatrix's death while the father and mother of the minors were both living, and a contract was entered into between the father of the minors and one of the forced heirs, who had bought out the whole estate, by which a term of ten years was accorded to the heir to pay the legacy due to the minors, on his obligation to pay the amount with 8 per cent. interest, payable semi-annually, secured by a mortgage. *Held:* That the children of *J. W.* on becoming of age or being emancipated were not divested of their rights by a settlement so made, and could exercise their claims against the succession of *E. R. W.* unless they chose to avail themselves of the stipulations contained in the settlement with their father.

A legatee who is not a *forced heir* cannot demand collation, nor even if made derive any benefit from it in settling his rights as legatee under the will.

APPEAL from the District Court of the Parish of Rapides, *Cullom, J.*
*J. C. & E. T. Lewis*, for plaintiff and appellant. *J. K. Elgee*, for defendant.
VOORHIES, J. The parties litigant are the children and grandchildren, heirs and legatees of the deceased, *E. R. Williams.* The present controversy grows out of her will, which reads as follows:

79

LEWIS
*v.*
WILLIAMS.

" I make this my following olographic will :

I wish, of course, all my just debts to be paid, and I wish the whole of my estate I own, or may own at the day of my death, I do dispose of the same in the following manner.

1st.    I give to *Mrs. Maria Johnson*, fifteen thousand dollars.

2d.    I give to my grand-children, *Josephine, Archibald P., Charles B., Annette, Elizabeth, Pintard Davidson*, children of *Josiah P. Williams*, fifteen thousand dollars, to be divided among them or their survivors.

3d.    I give my son *John R. Williams*, thirty thousand dollars.

4th.    I give to my daughter *Mrs. Frances Chambers*, fifteen thousand dollars.

5th.    I give to my daughter *Laura Williams Maddox*, forty thousand dollars.

6th.    I wish it understood distinctly that all the property that I do not specially donate hereinafter, that I may own at the day of my death, shall go to my four heirs at law.

7th.    *Maria Johnson, John R. Williams, Frances Chambers* and *Laura Maddox*, each one-fifth, and in the event of their or either of them, not being alive at the time of my death, to the children of such as may at that time be living, such grandchildren or child, taking together the portion his or their parent would have taken.

8th.    And the other residuary one-fifth of my estate, I give to *Josephine Maria Williams, Archibald P. Williams, Charles Bushnell Williams, Annette Williams, Elizabeth Williams, Pintard Davidson Williams*, they being the children of my son *Josiah P. Williams*.

9th.    This residue fifth is to be divided among those of the above six children who may be alive at the time of my death.

10th.    And I further desire that if there are any other children born to my son *Josiah*, and who may be alive at the time of my death, that they shall also equally participate in the said residue of one-fifth of my estate with those who may be alive, share and share alike between them all.

11th.    I give to my three daughters, *Mrs. Johnson, Mrs. Chambers* and *Mrs. Maddox*, all my household furniture and effects and kitchen furniture, and all my silver and plate, and wardrobe, except my watch, which I give to my daughter, *Mrs. Chambers*.

12th.    I give to my son *John R. Williams*, any four of the horses or mares I may own at the day of my death that he may choose to select.

These two last donations, No.'s 11 and 12, are intended to be particular donations, and not to be valued or included in estimating the residuary portion of my estate, which is to be divided under articles 6, 7, 8, 9 and 10, above.

       Signed,           ELIZABETH R. WILLIAMS."

The plaintiff, *Josephine Lewis*, a legatee under the 2d and 8th clauses of this will, sues to recover her share in the legacy of $15,000, and in the residuary one-fifth of the estate. For this purpose she has made all the heirs and legatees parties to this suit, in which she demands a partition of the estate of the testatrix.

It appears that after the demise of the testatrix, the estate being largely involved, and all the forced heirs being of age, extra judicial settlements were made between them, so that ultimately the whole estate vested in *J. R Williams*, one of the heirs.

The plaintiff, with her brothers and sisters, although not forced heirs of their grandmother, were nevertheless legatees, not only of the stated sum of $15,000, but also of the residuary interest or portion of the estate, after the payment

<small>LEWIS<br>v.<br>WILLIAMS.</small>

made of all debts and previous legacies. Being minors, they could not be dives_ted of their rights in the succession by the extra judicial acts of the forced heirs. Their rights are residuary, it is true; but that residuum must be astertained by process of law in order to bind these minors. This has not been done. The agreements and settlements made between *J. R. Williams*, however binding they may be as between the parties, cannot prejudice the rights of the plaintiff, and of her brothers and sisters.

It is necessary, for the purpose of enabling the court to decide the issues raised by the pleadings, that this case be remanded to the District Court, for the purpose of proceeding to a partition of the estate of *Mrs. Elizabeth R. Williams*, deceased, in the mode pointed out by law.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, and that this case be remanded for further proceedings in accordance with the views above expressed, the appellees paying the costs of appeal.

---

*J. K. Elgee*, for re-hearing:

Three distinct and separate issues are presented to the court by the pleadings, none of which the court say can they decide upon till all the preliminaries for making a partition have been pursued.

First. The plaintiff, as a particular legatee, under the will of *Mrs. E. R. Williams*, claims from the defendants, her heirs, the sum of twenty-five hundred dollars; the amount and validity of the legacy is not traversed, but the defendants say, that whilst the plaintiff was as yet unmarried and a minor, this sum of twenty-five hundred dollars was paid to the father and mother, that the payment was a good and valid one, because the father was the administrator of the plaintiff's property at the time. C. C. Art. 265. And because the father and the mother had, by law, the usufruct thereof. See C. C. Art. 239. They therefore deny the plaintiff's action as against them, saying that she should apply to her father first, and call upon him to render an account. If the payment to the father was in violation of law, then the defendants may have to pay the money over again, but that point can now be decided, and does in no manner depend on a partition of the estate; it may be replied, that no proof of payment was offered, which perhaps, is itself true as regards the whole legacy of fifteen thousand dollars, but it is shown that the father and mother have been paid by defendants an amount much larger than the claim of the plaintiff, and that as regards the brothers and sisters they are not before the court either as plaintiffs or defendants on this point; further, if the legacy was loaned out by the father, he acted conformably to law, for he was entitled to the usufruct of the legacy. C. C. 239. And that usufruct was interest. C. C. 536, 537. He was bound by law to lend it (the legacy) when received, on interest, and to take security. See C. C. Art. 556. He has done so, and therefore the issue was fully and fairly presented to the court: 1st, whether the plaintiff, an emancipated minor, was not bound to call upon her father for payment before calling upon defendants; and 2d, whether the settlement of the legacy made by the father with the defendants could be on any ground *attacked collaterally*. It is reasonable to ask that these questions be disposed of before we arrive at the point of partition, for until it is decided, it will be a contest for the money, one party asking and claiming it, the other averring it has been paid, or otherwise settled, with a party legally authorized at the time to make the settlement. If the estate were sold and the money in court, we should be compelled, before division, to ask this tribunal to decide this issue.

Second. The plaintiff alleges that certain legacies made by the testatrix to her children are *null and void*, "because not specially stated to be, over and above their *legitime*, nor as an anvantage over the other heirs." She further alleges "that the will contains *no other legal dispositions* than those made in her favor, and in that of her brothers and sisters;" these allegations are again traversed by the defendants, and the question is fully and fairly presented to the court, whether the legacies are good and valid or null and void. On this point it is not necessary

to wait for a decision until the estate is ready for partition, if there be not enough to pay them, who is to complain, not the plaintiff, nor her bothers and sisters, for her legacy and theirs has been paid to her and their father and mother, but what I presume the plaintiff no less than the defendant desire to have the decision of the court on is, are the legacies given to *Maria, Frances, Laura and John,* amounting to $100,000, good and valid in law. If the estate is insufficient to pay the whole, then a ratable deduction must be made; but the court will see, as in the first issue, that if the estate were already sold, and the money before the court, no partition of much or little could be made until the court decided whether *Mrs. Williams* had legally and validly given to her children the particular legacies. We should be *then,* exactly where we are *now.*

Third. Residuum or not, I admit that before it can be decided positively and beyond the shade of a doubt, whether there be a residuum it may become necessary to sell the whole estate, but that necessity may be removed by this court deciding now whether the legacies made by *Mrs. Williams to her children,* are good and valid, not in amount, but, had she a right to make these legacies, supposing her estate to be amply sufficient to meet them ; for it may be, that when the plaintiff is informed that these lagacies must first be paid *in full,* before we can say there is a residuum, that she, her brothers and sisters, will desist from pursuing a shadow which can be of no profit to them, and must cause immense loss and inconvenience to the defendants.

Has the plaintiff instituted her action for her proportion of the $15,000 legacy, correctly against the defendants, when it is shown that she is still a minor ; and whilst yet a minor and unmarried, her father being her administrator, did settle and adjust the said legacy, its payment, &c, with defendants ? Has she brought her action correctly, when the evidence discloses that the father has received from defendants in money, an amount far exceeding plaintiff's claim ?

Had she a right to attack collaterally her fathers acts, if injurious to her, ought she not to have first called upon him to render an account, and then failing in her pursuit there, might she not have adopted the direct action ?

Has the father, during the marriage, the right to receive and enjoy the use of money belonging to his minor children, whilst they are minors or not emancipated ?

If the father has so received the money of his children, is he not bound by law to lend it on interest and with security ?

Has not the father of plaintiff during her minority, and before her marriage in effect, loaned the plaintiff's money out on good interest ?

If the lending was illegal, then has not the father received money on account of the legacy due his daughter, and must he not account for the same to her ? In fine, has the plaintiff shown, as she was bound to do, that she had asked her father and administrator for her money, and that he could not, or would not pay it ?

The appellees further pray for a decision on the issue as to the legality and validity of the particular legacies made by *Mrs. E. R. Williams,* to her children.

VOORHIES, J. We have ordered this case to be remanded for the purpose of enabling the plaintiff to recover her portion in the succession of *Mrs. E. R. Williams,* deceased ; and, in so doing, did not conceive that there could be any doubt or difficulty in the way of ascertaining the amount coming to her. As she is merely a legatee under the will, and by no means one of the legal heirs of the deceased, her rights are to be ascertained under the will itself. So that, after deducting from the property left by the testatrix at the date of her death, the following items, to-wit : the sum of $15,000 in the first clause of the will ; the sum $15,000 in the second clause ; the sum of $30,000 in the third clause ; the sum of $15,000 in the fourth clause, and the sum of $40,000 in the fifth clause ; there is a residuum left to four of the forced heirs of the deceased, and to the plaintiff and her brothers and sisters as legatees. This residuum is ascertained after deducting the amounts carried in the five first clauses of the will ; and, these specified sums being thus deducted, the plaintiff is then entitled to one-ninth part of one-fifth of the balance thus ascertained. She being merely a legatee under the

will, cannot claim collation, or avail herself of collation actually made, for the purpose of settling her rights under the will. Her rights are confined to the disposable portion; and should even some of the legacies be radically null, the legal heirs, and not the legatees, are to benefit thereby. *Turner* v. *Smith*, 12 An. 419.

As to the legacy of $15,000 to the plaintiff and her brothers and sisters, she has a right to claim her share in the partition to be made of the estate. Her claim is against the succession of *Mrs. Williams*, and not against this defendant, unless she chooses to avail herself of the stipulations contained in the settlement made between her father and *J. R. Williams*.

We cannot take for granted, that even under the foregoing view of the matter, the court would do a vain thing to order a partition, on the supposition that no residue would be left, out of which the plaintiff could exercise her rights under the will. This objection is met by the reasons given by us in our first opinion.